KING v PHOTO MARKETING ASSOCIATION INTERNATIONAL

Docket No. 58611. Submitted June 10, 1982, at Lansing.—Decided October 18, 1982.

Gene King and others, plaintiffs in a suit in California against Fotomat Corporation, brought a petition in Jackson Circuit Court for a subpoena *duces tecum* compelling Photo Marketing Association International (PMA) and Roy Pung to produce certain documents for use in the California litigation. PMA, a trade association of photo dealers and processors, gathers data from its members and publishes trade news periodicals. Respondents brought a motion to quash the petition, and the court granted the motion to quash only as to some of the requested documents, Russell E. Noble, J. Respondents appeal, alleging that: (1) disclosure of confidential pricing data would violate federal antitrust laws; (2) PMA's status as a "journalist" entitles it to a privilege against compelled disclosure of confidential information; (3) petitioners failed to show good cause for the order to produce the documents; and (4) petitioners failed to show that the hardship imposed upon PMA by the order is justified by any necessity. *Held:*

1. No federal antitrust provision prohibits disclosure of pricing information where the disclosure is involuntary and compelled as part of a court-ordered discovery.

2. The so-called "news writer's privilege" against compelled disclosure of confidential sources is not rendered inapplicable by the mere fact that the publications of PMA are of a technical nature rather than of interest to the general public.

3. The privilege is a qualified one, however, which may be

REFERENCES FOR POINTS IN HEADNOTES

[1] 54 Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 302, 304.

[2-4] 23 Am Jur 2d, Depositions and Discovery § 169.

Privilege of newsgatherer against disclosure of confidential sources or information. 99 ALR3d 37.

Privilege of newspaper or magazine and persons connected therewith not to disclose communications to or information acquired by such a person. 7 ALR3d 591.

[5] 23 Am Jur 2d, Depositions and Discovery § 150.

abrogated only upon a showing that the requested information goes to the heart of the litigant's case and that the litigant has exhausted all other means of obtaining the information. Because there were no findings regarding the existence of the privilege or its applicability, the case is remanded for further proceedings.

4. Petitioners showed good cause for production of the documents, which requires only a showing that the information sought has a reasonable likelihood of providing the petitioner with relevant and appropriate information.

Remanded.

1. PRETRIAL PROCEDURE — DISCOVERY — ANTITRUST LAWS.

Federal antitrust laws which forbid a trade association from voluntarily or collusively disclosing pricing information of its members do not prohibit such disclosure where it is involuntary and compelled as a part of court-ordered discovery.

2. PRETRIAL PROCEDURE — DISCOVERY — NEWS WRITER'S PRIVILEGE.

Reporters of general news are usually protected against the compelled disclosure of their confidential sources; however, this is a qualified privilege which, under certain circumstances, may have to yield to another party's need for the information sought.

3. PRETRIAL PROCEDURE — DISCOVERY — NEWS WRITER'S PRIVILEGE — TECHNICAL PUBLICATIONS.

The mere fact that a publication is technical in nature, rather than one for news of interest to the general public, does not preclude the application of the privilege of that publication against compelled disclosure of confidential information (US Const, Am I).

4. PRETRIAL PROCEDURE — DISCOVERY — NEWS WRITER'S PRIVILEGE.

A civil litigant seeking confidential information should not be able to abrogate a "news writer's privilege" against disclosure absent a showing that: (1) the requested information goes to the heart of the litigant's case; and (2) the litigant has exhausted all other means of obtaining the information.

5. PRETRIAL PROCEDURE — DISCOVERY — GOOD CAUSE.

Good cause for an order compelling the production of information requires only a showing that the information sought has a reasonable likelihood of providing the moving party with relevant and appropriate information.

*Whedon & Thompson* (by *William A. Thompson*), for petitioners.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Philip M. Moilanen*), for respondents.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. R. Joslyn,* JJ.

M. F. Cavanagh, J. Petitioners are the plaintiffs in an antitrust suit pending in the California state courts against the Fotomat Corporation. Respondents are not parties to that action. Respondent Photo Marketing Association International ("PMA") is a Michigan-based international trade association of photo dealers and photo finishers which gathers data concerning the operations and activities of its members and publishes trade news periodicals. Petitioners allege that, in order for them to prevail in their California action, they must obtain accurate data regarding Fotomat's cost of photofinishing each roll of film. Therefore, the petitioners requested and obtained a subpoena *duces tecum* compelling the respondents to produce certain documents and to give a deposition to be used in the California litigation. Respondents moved to quash the subpoena; the trial court granted the motion regarding only certain documents requested by the petitioners. Respondents' motion for rehearing was denied, and their ensuing appeal is by right.

Respondents oppose the subpoena on the following grounds: (1) the order compels them to disclose confidential trade association pricing data which would violate federal antitrust laws; (2) the order ignores respondent PMA's status as a "journalist" which entitles it to a First Amendment privilege

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against compelled disclosure of confidential information; (3) the petitioners failed to show "good cause" for the order to produce the documents; and (4) the order is oppressive and burdensome and the petitioners failed to show that this hardship to the respondents is justified by any necessity.

We find that the respondent's first contention is without merit. Although the antitrust laws may forbid a trade association from voluntarily or collusively disclosing its members' pricing information, no such prohibition exists where the disclosure is involuntary and compelled as a part of court-ordered discovery.

Respondent PMA's second contention is that it is a "journalist" and thus entitled to the protection of the First Amendment privilege against disclosure of confidential information. Respondent argues that its status as a journalist is based on the grounds that: (1) it gathers information from its members and others in the industry pursuant to a guarantee of confidentiality; (2) it processes the information for publication in various newsletters and a monthly magazine; and (3) one of its primary functions is to disseminate technical or trade news which is of interest to its members and others in the industry.

Reporters of general news are usually protected against compelled disclosure of confidential sources. *Branzburg v Hayes,* 408 US 665; 92 S Ct 2646; 33 L Ed 2d 626 (1972), *Riley v City of Chester,* 612 F2d 708 (CA 3, 1979), *United States v Cuthbertson,* 630 F2d 139 (CA 3, 1980). The so-called "news writer's privilege" is based upon the need to guarantee the unimpeded flow of information, comment, and opinion to the general public. *Riley, supra,* p 715. However, this is a qualified

privilege which, under certain circumstances, may have to yield to another party's need for the information sought. *Cuthbertson, supra,* p 143.

In the instant case, the respondent does not compile the requested information for the purpose of creating a news story of interest to the "general public"; rather, its publications which summarize confidential data are intended for the narrower audience of its members and others in the trade. However, we find that the mere fact that a publication is technical in nature does not preclude the application of the First Amendment privilege against disclosure of confidential information. For example, in *Apicella v McNeil Laboratories, Inc,* 66 FRD 78 (ED Ny, 1975), the Court held that the editor of a medical trade magazine was entitled to First Amendment protection from disclosure of confidential information regarding reports on various drugs sought by the plaintiff in a malpractice action.

The information compiled and published in the respondent's trade magazines and newsletters is "news" to those in the photography industry. As in the "news writer's privilege" cases, the respondent gathers its information pursuant to a guarantee of confidentiality. The respondent thus occupies a unique position of trust which enables it to gather this confidential information which, when compiled and processed by the respondent, is of general interest to the industry. To impair that position of trust would be to jeopardize the respondent's ability to gather accurate and complete data; the result would severely inhibit the publication of industry news and impair the flow of information to the interested public.

We find that the respondent's position of trust is sufficiently analogous to that of the reporters in

*Branzburg, Riley* and *Cuthbertson, supra,* to justify the possible application of a "news writer's privilege". Because the trial court's findings on the existence of such a privilege and its application to the circumstances of this case were inadequate, we remand for further findings of fact regarding the basis for the issuance of the subpoena. We note that the trial court, in deciding the applicabilty of a news writer's privilege, should be guided by the requirements set forth in *Riley, supra,* 612 F2d 708, 716, wherein the Court held that a civil litigant seeking confidential information should not be able to abrogate a news writer's privilege absent a showing that: (1) the requested information goes to the heart of the litigant's case; and (2) the litigant has exhausted all other means of obtaining the information. See also *Los Angeles Memorial Coliseum Comm v Nat'l Football League,* 89 FRD 489, 494-495 (CD Cal, 1981), and the citations cited therein.

In light of our holding that a "news writer's privilege" protects writers of technical news as well as writers of general news and that the foregoing requirements found in *Riley, supra,* must be shown before that privilege may be infringed upon, we need not address the respondent's remaining two issues. We find that the petitioners clearly showed "good cause" for the production of the documents, which requires only that the information sought has a "reasonable likelihood of providing the moving party with relevant and appropriate information". *Daniels v Allen Industries, Inc,* 391 Mich 398, 407; 216 NW2d 762 (1974). Furthermore, the respondent's claim that the order imposes undue and unnecessary hardship upon the respondent will be dealt with by the trial court on remand when it considers the application of the "news writer's privilege" under the *Riley* criteria.

Remanded. We do not retain jurisdiction.